UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORTER SMITH,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS; STATE OF MICHIGAN,

    Defendant.

Civil Action No.:
Honorable

---

JAMES B. RASOR  (P 43476)
ANDREW J. LAURILA  (P 78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax

---

## COMPLAINT & JURY DEMAND

NOW COMES PLAINTIFF, PORTER SMITH, by and through his attorneys, Rasor Law Firm, PLLC, and for his Complaint against Defendants, Michigan Department of Corrections and State of Michigan, states as follows:

### GENERAL ALLEGATIONS

#### Parties

1. At all relevant times, Plaintiff Porter Smith ("Plaintiff"), was a resident of the City of Warren, County of Macomb, State of Michigan.

2. Defendant MICHIGAN DEPARTMENT OF CORRECTIONS (hereinafter "MDOC") is a governmental entity created pursuant to the laws of the State of Michigan, and Defendant State of Michigan is a state government.

3. Defendants MDOC and the State of Michigan are public employers.

4. Defendant MDOC and Defendant State of Michigan are both a "program or activity" receiving Federal assistance within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a)-(b).

5. At all material times, Plaintiff was an employee of Defendants while working at MDOC's Macomb Correctional Facility ("MCF") in City of Lenox, County of Macomb, State of Michigan.

6. This lawsuit arises out of events occurring within the City of Lenox, County of Macomb, and State of Michigan.

## Jurisdiction and Venue

7. This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and Michigan Constitutions, and is brought pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a)-(b).

8. This Court has jurisdiction over the claims arising under federal law pursuant to 28 USC §§1331, 1343.

9. The amount in controversy exceeds $75,000, exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

10. Venue is appropriate in this Court pursuant to 28 USC §1391(b), as this cause of action arises out of occurrences that took place within this District in the County of Macomb and Defendant transacts and conducts business within this District.

## **COMMON FACTUAL ALLEGATIONS**

11. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs one through 10 of the General Allegations, as if fully set forth herein, paragraph by paragraph, word for word.

12. Plaintiff was employed at MDOC's Macomb Correctional Facility as a corrections officer at all relevant times during the events giving rise to this litigation.

13. On or around July 1, 2017, Plaintiff was injured while on-duty during an altercation with an inmate who had a seizure while Plaintiff was handcuffing him.

14. Immediately, Plaintiff reported back and hip pain from this encounter to his supervisors, and he was ordered to undergo a medical evaluation.

15. This began a dispute with MDOC and its worker's compensation carrier as to whether Plaintiff's injury was worker's compensation protected.

16. Because of this dispute, Plaintiff received short-term disability benefits in the meantime as he was ordered off work.

17. On or around December 8, 2017, Plaintiff's doctor submitted documentation to MDOC stating that Plaintiff could return to work with restrictions, including no heavy lifting, no squatting or climbing, and limited amount of consecutive standing.

3

18. Plaintiff was granted this request by MCF's then-Warden, Patrick Warren, in January of 2018.

19. From January 2018 to August of 2018, Plaintiff worked a light-duty assignment comporting with his accommodation need and medical restrictions with no issue while employed at MCF.

20. Plaintiff was awaiting a hip surgery, which would have returned him to full medical capacity.

21. In July of 2018, Warden Warren informed Plaintiff that Plaintiff needed to be able to return to work without any restrictions.

22. Plaintiff, who was set to be FMLA-eligible on August 11, 2018 and made it clear to MDOC that he anticipated taking FMLA leave on that date, sought an accommodation of a continued light-duty assignment until at least that date so he could then take FMLA before his hip surgery could be completed.

23. But on August 3, 2018, MDOC denied Plaintiff's request for an accommodation, stating that "the facility is unable to accommodate additional light duty restrictions."

24. However, there were multiple positions available that would have complied with Plaintiff's accommodation request and were reasonable under the circumstances.

25. Other COs were working light-duty assignments, and this was typical when a CO had a temporary disability that the Warden or one of his immediate

subordinates would find a position that reasonably fit within the CO's medical restrictions.

26. Due to MDOC's unreasonable denial of Plaintiff's request for an accommodation stemming from the disability coordinator in Lansing, Plaintiff was forced to take a waived-rights leave of absence beginning on August 9, 2018, two days before he would have been FMLA eligible.

27. On January 16, 2019, Plaintiff, via counsel, contacted MDOC seeking the preservation of all documents pertaining to Plaintiff's employment, and also putting MDOC on notice Plaintiff retained representation pertaining to his discriminatory treatment and his prospective lawsuit.

28. After having his hip surgery, Plaintiff was subsequently cleared to work in full capacity in August of 2019.

29. Following this clean bill of health with no restrictions, Plaintiff sought reinstatement from MDOC pursuant to the waived-leave of rights policy.

30. But on September 27, 2019, MDOC denied Plaintiff's ability to return to work, claiming there was a pending disciplinary investigation open that precluded Plaintiff from returning.

31. This "disciplinary investigation" had been found as lacking merit on September 26, 2018, thus it was solely alleged as retaliation to preclude Plaintiff form returning to work.

32. On or around September 30, 2019, Plaintiff contacted MCF's HR Department seeking his employee personnel file pursuant to the Bullard-Plawecki Act attempting to support his anticipated discrimination lawsuit.

33. MCF failed to comply, citing alleged personnel issues for its inability to comply with Plaintiff's statutorily-mandated request.

34. Despite his repeated efforts to lawfully obtain his personnel file, MDOC has yet to comply and Plaintiff's Bullard-Plawecki request is still outstanding as of the filing of this complaint.

## COUNT I
## VIOLATION OF 29 U.S.C § 794, *et seq.*, SECTION 504 OF THE REHABILITATION ACT – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE – AS TO DEFENDANTS MDOC AND STATE OF MICHIGAN

35. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 34, as if fully set forth herein.

36. The purpose of the Rehabilitation Act is to ensure that no "qualified individual with a disability in the United States . . . shall, solely by reason of his or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

37. The claims under the Rehabilitation Act are brought against Defendant MDOC as a department, agency, or instrumentality of Defendant State of Michigan.

38. Plaintiff is an "individual with a disability" within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(a)-(b) given his hip injury and others from the July 2017 workplace incident affect various major life activities as enumerated in the Statute, including but not limited to working, walking, lifting and bending.

39. The operations of Defendant MDOC, including but not limited to its employment policies/procedures, are "programs or activities" within the meaning of the Rehabilitation Act.

40. Defendant MDOC receives "federal assistance" within the meaning of 29 U.S.C. § 794(a).

41. The DOJ regulation implementing the Rehabilitation Act clarifies the requirements for Federal financial recipients, including correctional facilities, stating: "a recipient shall make reasonable accommodation to the known physical or mental limitations of an otherwise qualified handicapped applicant or employee unless the recipient can demonstrate, based on the individual assessment of the applicant or employee, that the accommodation would impose an undue hardship on the operation of its program or activity." 28 C.F.R. § 42.511(a).

42. A reasonable accommodation includes, among others, making facilities usable by handicapped persons, and/or "job restructuring." 28 C.F.R. § 42.511(b).

43. Further, relevant Federal Rules and Regulations provides that "[n]o qualified handicapped person shall on the basis of handicap be subjected to

discrimination under any program or activity receiving Federal financial assistance." 28 C.F.R. § 42.510(a)(1).

44. Defendant MDOC is required to "make all decisions concerning employment under any program or activity receiving Federal financial assistance in a manner which insures that discrimination on the basis of handicap does not occur and may not limit, segregate, or classify applicants or employees in any way that adversely affects their opportunities or status because of handicap." 28 C.F.R. § 42.510(a)(2).

45. Defendants discriminatorily impaired and denied Plaintiff's ability to receive a reasonable accommodation and receive the benefits of Defendant's disability accommodation program and excluded Plaintiff from the same program in violation of the Rehabilitation Act, forcing Plaintiff to take a waived-leave of rights absence when there were various accommodations available for his temporary injuries.

46. Plaintiff requested multiple accommodations, including but not limited to minor job restructuring to mitigate his temporary injuries.

47. Given Plaintiff was accommodated for a period of time and MCF maintains a number of accommodation positions, Defendant did not proffer a legitimate basis for denying Plaintiff's request for an accommodation.

48. Defendant's failure to provide Plaintiff with a reasonable accommodation in lieu of his disability denied Plaintiff Defendants' services,

benefits, activities, programs, or privileges as the access provided to non-disabled individuals.

49. On information and belief, this denial and failure to provide comparable access to Defendants' services, benefits, activities, programs or privileges arose from Defendants' facially discriminatory policies, practices, and enforcement of the same. These policies are ongoing and continue to this date.

50. Upon information and belief, MDOC maintains a "no accommodation" policy for certain disabilities like Plaintiff's and/or absent specific Warden intervention outside of MDOC's "accommodation policies" and involvement of MDOC's Disability Coordinator in Lansing.

51. Defendants have also violated the Rehabilitation Act by excluding Plaintiff from its accommodation program and/or proper non-discriminatory standards for granting an accommodation.

52. As a proximate result of Defendants' violation of Plaintiff's rights under the Rehabilitation Act, Plaintiff has suffered, and continues to suffer, from discrimination, unequal treatment, exclusion from Defendants' programs, financial loss, loss of employment and promotional opportunities, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, trauma, embarrassment, unnecessary loss of rights and privileges, including unnecessary disciplinary measures, and injury to his health.

53. Defendants' failure to comply with the Rehabilitation Act has resulted in harm to Plaintiff, and Defendants are liable to Plaintiff for these harms suffered.

54. Pursuant to Section 504 of the Rehabilitation Act, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants including but not limited to compensatory damages in whatever amount he is found to be entitled, exemplary damages commensurate with the wrong and Defendant's ability to pay, and an award of his fair and reasonable attorney fees, cost of litigation, and interest.

## COUNT II
## VIOLATION OF 29 U.S.C § 794, *et seq.*, SECTION 504 OF THE REHABILITATION ACT – RETALIATION – AS TO DEFENDANTS MDOC AND STATE OF MICHIGAN

55. Plaintiff reasserts and realleges each and every allegation contained in paragraphs Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1-54 of this Complaint, as if fully set forth herein, paragraph by paragraph, word for word.

56. The Rehabilitation Act prohibits retaliation against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or

10

participated in any manner in an investigation, proceeding, or hearing under this chapter. See 29 U.S.C. § 794(a) and 29 U.S.C. § 794(d) (adopting standards and claims applicable in ADA Title I claims).

57. Defendant owed Plaintiff a duty not to retaliate against him with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of him engaging in protected activities.

58. Plaintiff engaged in the protected activity of requesting reasonable accommodation(s) pursuant to the ADA, notifying MDOC that he was pursuing claims based on his mistreatment and notifying MDOC he had obtained legal representation regarding the same.

59. Defendant had knowledge of Plaintiff's protected activities as set forth in the preceding paragraphs.

60. Had Plaintiff not requested a reasonable accommodation(s) and/or engaged in protected activity, he would not have been subjected to adverse treatment from Defendant.

61. Subsequent to Plaintiff's protected activities, he was baselessly investigated for disciplinary investigation(s), denied reasonable accommodations, forced to take a waived-rights leave of absence, and denied his return from this waived-rights of leave absence for an arbitrary, baseless disciplinary investigation that had been concluded well before.

62. Plaintiff was denied his right to return to work from the waived-rights leave of absence despite having an adequate doctor's note and there being a need for COs with Plaintiff's experience at MCF.

63. Defendant's actions in retaliating against Plaintiff based on his protected activities was conducted with malice or reckless indifference to Plaintiff's federally protected rights.

64. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal retaliation against its employees.

65. Defendant, by and through its agents, servants, and/or employees, subsequently took adverse, retaliatory actions against Plaintiff including, but not limited to, denying Plaintiff conditions, terms, opportunities, and privileges provided to other employees and failing to permit Plaintiff to return to work.

66. Defendant and its agents, servants and/or employees' actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

67. As a direct and proximate result of Defendants' unlawful action, Plaintiff has sustained injuries and damages, including, but not limited to: potential loss of earning capacity, loss of career and employment opportunities, loss of employee benefits, loss of promotional opportunities, humiliation and embarrassment, mental and emotional distress, and loss of everyday pleasures of everyday life.

68.    Pursuant to the Rehabilitation Act, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

WHEREFORE, Plaintiff Porter Smith respectfully requests that this Honorable Court enter judgment in his favor and against Defendants including but not limited to compensatory damages in whatever amount he is found to be entitled, exemplary damages commensurate with the wrong and Defendant's ability to pay, and an award of his fair and reasonable attorney fees, cost of litigation, and interest.

RESPECTFULLY SUBMITTED:

THE RASOR LAW FIRM

/s/ *Andrew J. Laurila*
James B. Rasor (P43476)
Andrew J. Laurila (P78880)
Attorneys for Plaintiffs
201 E. Fourth Street
Royal Oak, Michigan 48067-3846
(248) 544-9300/(248) 543-9050 Fax
jbr@rasorlawfirm.com

Dated: February 19, 2020    ajl@rasorlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORTER SMITH,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS; STATE OF MICHIGAN,

    Defendant.

Civil Action No.:
Honorable

---

JAMES B. RASOR  (P 43476)
ANDREW J. LAURILA  (P 78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax

---

## **JURY DEMAND**

**NOW COMES** Plaintiff, PORTER SMITH, by and through his attorneys, RASOR LAW FIRM, PLLC, and hereby demands a trial by jury in the above-captioned cause of action.

    RESPECTFULLY SUBMITTED:
    THE RASOR LAW FIRM
    /s/ *Andrew J. Laurila*
    James B. Rasor (P43476)
    Andrew J. Laurila (P78880)
    Attorneys for Plaintiffs
    201 E. Fourth Street
    Royal Oak, Michigan 48067-3846
    (248) 544-9300/(248) 543-9050 Fax
    jbr@rasorlawfirm.com
Dated: February 19, 2020    ajl@rasorlawfirm.com