UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORTER SMITH,

        Plaintiff,

                                                Civil Case No. 20-10421
v.                                           Honorable Linda V. Parker

MICHIGAN DEPARTMENT
OF CORRECTIONS and STATE
OF MICHIGAN,

        Defendants.
_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE (ECF NO. 40) AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (ECF NO. 45)</u>**

        This lawsuit arises from Plaintiff Porter Smith's former employment with the Macomb County Correctional Facility. Plaintiff was a corrections officer who was medically restricted from performing his normal job duties after injuring his hip during the course of his employment. (ECF No. 1 at Pg ID 2.) Plaintiff brought this action against Defendants, the Michigan Department of Corrections ("MDOC") and the State of Michigan, for allegedly failing to accommodate his hip injury and retaliating against him in violation of the Rehabilitation Act. (*See generally* ECF No. 1.) Following this Court's March 31, 2022 decision granting in

part and denying in part Defendants' motion for summary judgment, the only remaining claim pending trial is Plaintiff's retaliation claim. (ECF No. 35.)

Presently before the Court is Defendants' motion in limine (ECF No. 40) and motion for leave to file a second motion for summary judgment (ECF No 45). The matters are fully briefed. For the reasons below, the Court grants in part and denies in part Defendants' motion in limine, and grants in part and denies as moot in part Defendants' motion for leave to file a second motion for summary judgment.

## I. BACKGROUND

Pursuant to a December 9, 2020 Amended Scheduling Order, the deadline for dispositive motions in this case was May 3, 2021. (ECF No. 20.) A stipulated order was entered on April 22, 2021, adjourning the deadline to May 21, 2021. (ECF No. 24.) The parties filed cross-motions for summary judgment prior to that deadline. (ECF Nos. 25, 26.) In an Opinion and Order entered March 31, 2022, the Court denied Plaintiff's motion and granted in part and denied in part Defendants' motion. (ECF No. 35.) The Court then entered a Phase II Scheduling Order setting *inter* alia a June 30, 2022 deadline for motions in limine. (ECF No. 36.)

## II. APPLICABLE LAW

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).  Prior to the commencement of trial, courts in this District note that motions in limine serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States* v. *Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984)).  District courts have "broad discretion" over matters involving the admissibility of evidence at trial.  *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations

and citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As an initial step, when analyzing admissibility, a court must consider whether the evidence is relevant. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit emphasizes that the threshold for determining the relevancy of evidence is low. *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

In contrast, irrelevant evidence is not admissible. Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d 507, 514-15 (6th Cir. 1998) (Evidence is inadmissible "if there is a danger of unfair prejudice, not mere prejudice.") (emphasis in original). "District courts enjoy 'broad discretion' in making the prejudice determination." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)).

As to Defendants' request to file a second summary judgment motion, Eastern District of Michigan Local Rule 7.1(b)(2) provides that "a challenge to several counts of a complaint generally must be in a single motion" and "[a] party must obtain leave of court to file more than one motion for summary judgment." District courts nevertheless have the discretion to permit a successive motion for summary judgment. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). A party should present "good reasons" in seeking to file a successive motion for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). Courts have identified several "good reasons" for allowing a party to do so:

> A successive motion for summary judgment may be considered … under certain circumstances, *such as*: "'(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent manifest injustice.'"

*Hescott v. City of Saginaw*, No. 10-13713, 2012 WL 13005302, at *2 (E.D. Mich.

2012) (emphasis added) (quoting *Whitford*, 63 F.3d at 530).

### III.   ANALYSIS

On June 30, 2022, Defendants filed a motion in limine seeking to exclude the following evidence pursuant to Federal Rules of Evidence 401 and 403:

- Any evidence of emotional distress;
- Any evidence that would be used to support a claim of punitive damages;
- Any evidence that [Plaintiff] suffered any consequential damages;
- Any evidence of front pay;
- Any evidence of back pay except between September 19, 2019, and June 29, 2022; and
- Any evidence tending to show that a defendant failed to accommodate [Plaintiff].

(ECF No. 40 at Pg ID 910.)  Defendants also assert that there has been an intervening change in controlling law such that approval of their motion for leave to file a second motion for summary judgment is warranted.  (ECF No. 45 at Pg ID 1012.)  Each issue will be addressed in turn.

   A.      **Defendant's Motion in Limine (ECF No. 40)**

      i.   **Evidence of Emotional, Punitive, and Consequential Damages**

Defendants argue that Plaintiff should be precluded from presenting evidence as it relates to emotional, punitive, and consequential damages because they are not recoverable under the Rehabilitation Act.  (ECF No. 40 at Pg ID 918-921.)  Defendants' basis for this argument is the Supreme Court's ruling in *Barnes v. Gorman,* 536 U.S. 181 (2002), which the Supreme Court recently reaffirmed and

expanded in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). (*See* ECF No. 40 at Pg ID 918.) In *Barnes*, the Supreme Court held that "a particular remedy is available in a private Spending Clause action only if the funding recipient is on notice that, by accepting the federal funding, it exposes itself to liability of that nature." *Cummings*, 142 S. Ct. at 1565 (citing *Barnes*, 536 U.S. at 185) (internal quotations and emphasis omitted). To elaborate, "a federal funding recipient may be considered 'on notice that it is subject . . . to those remedies [that are] traditionally available in suits for breach of contract.'" *Id*. In *Barnes*, the Supreme Court found that recipients do not have notice of liability for punitive damages and thus, such damages are barred. *Barnes,* 536 U.S. at 188. Last year in *Cummings*, the Supreme Court expanded its holding to include emotional distress damages. 142 S. Ct. at 1576. As such, Defendants ask the Court to hold that Plaintiff is precluded from seeking such damages.

Defendants further contend that even though the Supreme Court in *Cummings* did not expressly address consequential damages beyond emotional distress damages, the same principles apply. (*Id*. at 920.) In response, Plaintiff argues:

> [I]t is improper to argue by way of a motion in limine that the facts are insufficient to allow the plaintiff to pursue a particular form of damages from the Jury. Such an argument must be rejected because it should have been raised in a motion for summary judgment.

(ECF No. 43 at Pg ID 965) (internal citations omitted). The Court agrees.

Plainly, Defendants' argument is an attempt to narrow the scope of Plaintiff's damages, which is an issue for summary judgment. *See Caudle v. Nielsen Co. (US), LLC*, No. 17-13737, 2020 WL 8572402, at *3 (E.D. Mich. Dec. 28, 2020). Defendants cite to no specific evidence they wish to exclude in their argument, instead attempting to preclude Plaintiff from recovering certain damages altogether. "[T]he Sixth Circuit has held that district courts err where they consider issues improperly raised in limine." *Id.* As such, Defendants' motion as it pertains to these items is denied. However, the Court notes that in response to Defendants' motion for leave to file a second motion for summary judgment, Plaintiff concedes that he is barred from pursuing emotional and punitive damages in light of *Cummings*. (ECF No. 46 at Pg ID 1035.)

### ii. Evidence of Front Pay

Next, Defendants argue that Plaintiff has no claim for future damages because he declined Defendants' offer of reinstatement. (ECF No. 40 at Pg ID 922.) Defendants also argue Plaintiff has no claim for front pay because in declining Defendants offer of reinstatement, he failed to mitigate his damages. *Id*. Importantly, Defendants cite to no specific evidence they wish to exclude pertaining to this issue. In response, Plaintiff argues he must be permitted to admit evidence of emotional distress he allegedly suffered to support his assertion that he

was reasonable in denying Defendants' offer for reinstatement. (ECF No. 43 at Pg ID 969.)

First, front pay is a substitute for reinstatement, as reinstatement is not always appropriate where the plaintiff has " . . . found other work, where reinstatement would require displacement of a non-culpable employee, or where hostility would result." *Roush v. KFC Nat. Mgmt. Co.,* 10 F.3d 392, 398 (6th Cir. 1993). While the Court acknowledges that "trial courts play a gatekeeping role" and may thus dispense with claims of front pay before the issue reaches the jury, this issue would have been more appropriately raised in a motion for summary judgment. *Kelmendi v. Detroit Bd. of Educ.,* No. 12-14949, 2017 WL 1502626, at *8 (E.D. Mich. Apr. 27, 2017) (analyzing the gatekeeping role trial courts play as it pertains to the issue of front pay); *Caudle v. Nielsen Co. (US), LLC*, No. 17-13737, 2020 WL 8572402, at *3 (E.D. Mich. Dec. 28, 2020) ("[Defendants'] motion in limine is the wrong vehicle to narrow the scope of damages"). Moreover, the Court cannot make a determination on this issue without evidence to this point, which Defendants seek to eliminate altogether. *See Figgin*, 482 F. Supp. 2d at 871.

Second, with regards to Defendants' argument that Plaintiff failed to mitigate his damages, the reasonableness of a plaintiff's effort to mitigate damages is a question of fact to be determined by the jury. *Peake v. Nat'l City Bank of Mich.*, No. 05-72520, 2007 WL 951420, at *2 (E.D. Mich. Mar. 27, 2007). As

such, courts in this district have repeatedly declined to grant motions in limine on the issue of mitigation of damages. *See id.* ("The reasonableness of Plaintiff's efforts to obtain other employment, as it relates to mitigation damages and recovery of back and front pay, is not properly before the Court on a Motion in Limine and is a question of fact to be determined by the jury"); *see also Bouchard v. City of Warren*, No. 14-14009, 2017 WL 3642123, at *4 (E.D. Mich. Aug. 24, 2017) ("[T]he Court finds that special circumstances exist such that there are questions of fact as to whether Defendant's offer of reinstatement was made in good faith and whether Plaintiff was reasonable in turning down the offer of reinstatement. Defendant's motion in limine is denied with respect to precluding any claim for post-June 14, 2017 damages"); *Ruddy v. Online Tech LLC*, No. 18-12972, 2021 WL 807875, at *11 (E.D. Mich. Mar. 3, 2021) (holding that "[i]ssues of failure to mitigate and other after-acquired evidence are largely related to damages, and as such will be properly before the jury assuming the parties go to trial").

Plaintiff wishes to introduce evidence of the emotional distress he allegedly suffered to show he reasonably declined the offer of reinstatement. (ECF NO. 43 at Pg ID 967-968.) In support, Plaintiff cites to decisions outside this Circuit which held that the rejection of a reinstatement offer was reasonable where there was evidence of emotional distress stemming from the employer's alleged

discriminatory act. (*Id.*) The Court will allow this evidence to be presented but only for the issue of whether Plaintiff was reasonable in denying the offer of reinstatement.

### iii. Evidence of Back Pay

Next, Defendants argue that Plaintiff may seek backpay damages only from September 19, 2019, the date Defendants declined to rehire Plaintiff, through June 29, 2022, the date the offer for reinstatement expired. (ECF No. 40 at Pg ID 922.) In support, Defendants cite to the Supreme Court's holding in *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982), that absent special circumstances, an employee who rejects an unconditional offer of reinstatement ends the accrual of back pay liability. *Id.* at 219.

Defendants are once again attempting to limit the scope of Plaintiff's damages improperly through a motion in limine. "Having failed to utilize the summary judgment procedure to define the scope of damages, [Defendants] will have to rely on other means of protection from being assessed damages that it contends are not recoverable—well-crafted jury instructions, arguments to the jury, and its own proofs at trial." *Caudle,* 2020 WL 8572402, at *3. As such, the motion as it pertains to this item is denied.

### iv. Evidence Implying a Failure to Accommodate

Finally, Defendants argue that because this Court already granted summary judgment in their favor on Plaintiff's failure to accommodate claim, Plaintiff should not be permitted to present any evidence alluding to a failure to accommodate because it is "not relevant to his retaliation claim and . . . if there is any relevance, . . . it is unfairly prejudicial to Defendants." (ECF No. 40 at Pg ID 921.) As such, Defendants maintain that this evidence should be excluded pursuant to Federal Rules of Evidence 401 and 403. (*Id*.) In response, Plaintiff asserts that evidence relating to Defendants' failure to accommodate and subsequent retaliation is relevant to the issue of front pay and whether Plaintiff was reasonable in rejecting Defendants' offer of reinstatement. (ECF No. 43 at Pg ID 968.) The Court disagrees with Plaintiff's argument.

While perhaps relevant to the issue of reinstatement and front pay, the introduction of this evidence would likely confuse the jury on the issues. The relevant inquiry before the jury is whether (1) Plaintiff engaged in protected activity (2) that was known to Defendant, (3) Defendant thereafter took an adverse employment action against Plaintiff, and (4) a causal connection exists between the protected activity and adverse employment action. *See Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 661 (6th Cir. 2020). Thereafter, the inquiry becomes whether Defendants had a legitimate, non-retaliatory reason for

their adverse employment action, and whether this assertion is a pre-text for retaliation. *See Yazdian v. ConMed Endoscopic Tech., Inc.*, 793 F.3d 634, 650 (6th Cir. 2015). Plainly, evidence pertaining to Plaintiff's previously dismissed failure to accommodate claim is irrelevant to the retaliation claim at bar. Moreover, its introduction would be highly prejudicial to Defendant, and unnecessarily so. The Court finds that evidence pertaining to Plaintiff's dismissed failure to accommodate claim would very likely confuse the jury and could result in a mini-trial on that issue. Thus, such evidence is more prejudicial than probative, and is excluded under Rule 403.

### B. Defendant's Motion for Leave to File a Second Motion for Summary Judgment (ECF No. 45)

Acting on Plaintiff's objection to pursue exclusion of evidence regarding emotional, punitive, and consequential damages through a motion in limine, Defendants seek leave to file a second summary judgment motion. (ECF No. 45.) In support of their request for leave to file a second dispositive motion, Defendants assert that there has been an intervening change in controlling law with the Supreme Court's decision in *Cummings*. (*Id*. at 1019.) Defendants assert the Court's ruling in *Cummings* overturned *Johnson v. City of Saline*, 151 F.3d 564, 572-573 (6th Cir. 1998), effectively altering available damages under the Rehabilitation Act. (ECF No. 45 at Pg ID 1021.) In response, Plaintiff concedes that he is precluded from recovering punitive and emotional damages in light of

*Cummings*.  (ECF No. 46 at Pg ID 1035.)  However, Plaintiff disputes whether the same can be said about consequential damages because the Supreme Court has not expressly held that consequential damages are unavailable.  (ECF No. 43 at Pg ID 969.)  As such, Plaintiff argues that "because the holding [in *Cummings*] does not touch on this issue, it cannot meet the muster as an intervening change in controlling law" and the motion for leave to file a second motion for summary judgment should therefore be denied.[1]  (ECF No. 46 at Pg ID 1035 (internal quotations omitted).)

    Eastern District of Michigan Local Rule 7.1(b) requires a party to obtain leave of court before filing more than one summary judgment motion.  Because Defendants' request to file a second summary judgment motion comes after the dispositive motion deadline in the Court's scheduling order, Defendant also must show "good cause."  *See* Fed. R. Civ. P. 6(b)(1)(B).  While district courts find it "especially appropriate" to permit a party to file successive dispositive motions in the event of an intervening change in controlling law, newly available evidence, or to correct a clear error or prevent manifest justice, *see Thomas v. Lambert*, 587 F.

---

[1] Plaintiff also maintains he will suffer undue prejudice if Defendants are permitted to file a second motion for summary judgment, and that Defendants have not met their burden of "excusable neglect" to extend time in Federal Rule of Civil Procedure 6(b)(1)(B).  The extension of a scheduling order, however, is guided by the "good cause" standard in Federal Rule of Civil Procedure 16(b)(4)

Supp. 3d 635, 638 (E.D. Mich. 2022) (citing cases), this is not an exhaustive list of the reasons for allowing such motions. Nevertheless, the party should present "good reasons" for seeking to file a successive motion for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).

The Court finds "good reasons" for Defendants' proposed motion as it relates to consequential damages, and thus good cause for extending the dispositive motion deadline. However, because Plaintiff concedes that he is not entitled to punitive and emotional damages, there is no good cause for Defendants' motion to address those damages.

With regards to consequential damages, while an intervening change in controlling law is a recognized "good reason" for allowing a party to file a successive motion for summary judgment, Defendants have not demonstrated that the law has changed in such a manner that it could not have made this argument earlier. To elaborate, the Supreme Court's conclusion in *Barnes* is that federal funding recipients are only liable to remedies traditionally available in suits for breach of contract. *Barnes*, 536 U.S. at 185. The recent holding in *Cummings* is not a change in intervening controlling law, so much as it is an application of long-established law to a new type of damages.

Specifically, the defendants in *Cummings* successfully argued that damages *for emotional distress* were not recoverable under Spending Clause legislation

because such damages are generally not compensable in contract.  142 S. Ct. at 1571-72.  The *Cummings* defendants merely sought the extension of *Barnes*' rationale to emotional distress damages.  In the present action, Defendants were free to do the same.  In other words, relying on the holding in *Barnes*, Defendants could have argued that consequential damages are not generally recoverable in contract and therefore not available here.

 Nevertheless, at some point, this Court must confirm what form of damages the jury may award Plaintiff if he prevails on his Rehabilitation Act claim.  In light of *Barnes* and *Cummings*, there is some uncertainty on this issue and Defendants should have the opportunity to argue why the limitation they propose is correct.  This will not unduly prejudice Plaintiff, as in the event this action proceeds to trial and Plaintiff recovers damages that are not recoverable under the Rehabilitation Act, such an award would need to be set aside.  As such, the Court finds that in the interests of justice, including a more organized presentation of evidence at trial, there is good cause to decide this issue ahead of time.

 For these reasons, the Court denies as moot in part and grants in part Defendants' motion for leave to file a second motion for summary judgment.

Defendant is advised to be specific in its motion as to the consequential damages it believes are not recoverable or, at least, the limited damages it believes are.[2]

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine (ECF No. 40) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File a Second Motion for Summary Judgment (ECF No. 45) is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

**IT IS FURTHER ORDERED** that Defendants shall file their second summary judgment within fourteen (14) days of this Opinion and Order.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 6, 2023

---

[2] In response to Defendants' motion, Plaintiff is advised to be specific about the damages he intends to request from the jury.