UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORTER SMITH,

        Plaintiff,

                                                  Civil Case No. 20-10421
v.                                           Honorable Linda V. Parker

MICHIGAN DEPARTMENT
OF CORRECTIONS, and STATE
OF MICHIGAN,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE (ECF NO. 41)

      This lawsuit arises from Plaintiff Porter Smith's former employment with the Macomb County Correctional Facility. Plaintiff is a corrections officer who was medically restricted from performing his normal job duties after injuring his hip during the course of his employment. (ECF No. 1 at Pg ID 2.) Plaintiff brought this action against Defendants, the Michigan Department of Corrections ("MDOC") and the State of Michigan, for allegedly failing to accommodate his hip injury and retaliating against him in violation of the Rehabilitation Act. (*See generally* ECF No. 1.) Following this Court's March 31, 2022 decision granting in part and denying in part Defendants' motion for summary judgment, the only remaining claim pending for trial is Plaintiff's retaliation claim. (ECF No. 35.)

Presently before the Court is Plaintiff's motion in limine. (ECF No. 41.) Defendant has filed a response. (ECF No. 42.) For the reasons that follow, the Court is denying Plaintiff's motion.

## STANDARD OF REVIEW

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Prior to the commencement of trial, courts in this District note that motions *in limine* serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

District courts have broad discretion over matters regarding the admissibility of evidence at trial. *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1218 (6th Cir. 1987) (citations omitted). "Although the Federal Rules of Evidence do not

explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during the course of the trial. *Luce*, 469 U.S. at 41-42. Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts should rarely grant motions in limine that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility when they arise." *Id.*

## DISCUSSION

Plaintiff's motion in limine requests the exclusion of thirteen evidentiary items at trial. (ECF No. 41 at Pg ID 5-7.) Defendants aptly summarize the thirteen items into four categories:

    I.    Plaintiff seeks to exclude attacks on Plaintiff and Plaintiff's counsel for bringing the present case;[1]

---

[1] Paragraphs 1, 3, 4, 5, and 13. (ECF No. 41 at Pg ID 5-7.)

    II.    Plaintiff seeks to exclude witnesses from guessing or from suggesting what another witness might testify about;[2]

    III.    Plaintiff requests the exclusion of rulings by this Court and testimony regarding legal conclusions;[3] and

    IV.    Plaintiff's request that there be no reference to arguments that the juror's put themselves in the place of or consider the effect of the case on the Defendants.[4]

(ECF No. 42 at Pg ID 6-11.)

"Where a motion *in limine* simply asserts objections without tying them to specific evidentiary items, the Court properly may deny it as overbroad and insufficiently specific." *Fakhoury v. O'Reilly*, No. 16-13323, 2022 WL 909347, at *6 (E.D. Mich. Mar. 28, 2022) (collecting cases). Such is the case here, as Plaintiff's motion in limine asserts no specifics as to objectionable evidence. Because Plaintiff's motion lacks specificity, the Court cannot make an admissibility determination. Moreover, much of the relief Plaintiff is requesting is premature. The Court will enforce the well-settled rules of evidence if and to the extent a party seeks to violate them at trial and timely objections are raised. *See Mitchell v. Cnty. of Wayne*, No. 05-73698, 2007 WL 850997, at *3 (E.D. Mich. Mar. 16, 2007). Plaintiff may renew his motion at trial if specific evidence is offered and should be excluded under the Federal Rules of Evidence.

---

[2] Paragraphs 2, 7, and 10. *Id.*
[3] Paragraphs 6, 11, and 12. *Id.*
[4] Paragraphs 8 and 9. *Id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's motion in limine (ECF No. 41) is **DENIED WITHOUT PREJUDICE.**

                                                              s/ Linda V. Parker  
                                                              LINDA V. PARKER  
                                                              U.S. DISTRICT JUDGE

Dated: February 6, 2023