UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORTER SMITH,

       Plaintiff,

v.                                                                     Case No. 20-cv-10421
                                                                     Honorable Linda V. Parker

MICHIGAN DEPARTMENT OF
CORRECTIONS and
STATE OF MICHIGAN,

       Defendant.
_____/

## OPINION AND ORDER

This matter is presently before the Court on the parties' motions in limine. Defendants seek to preclude Plaintiff from presenting evidence of any disability not disclosed during discovery and other lawsuits filed against Defendant Michigan Department of Corrections ("MDOC"). (ECF No. 66.) Plaintiff seeks to preclude Defendants from offering evidence of any benefits or payments arising from Plaintiff's workers' compensation and short or long term disability claims, as well as evidence of the claims themselves. (ECF No. 68.)

## Standard of Review

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v.*

*United States*, 469 U.S. 38, 40 n.2 (1984)).  Prior to the commencement of trial, courts in this District note that motions in limine serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

District courts have broad discretion over matters regarding the admissibility of evidence at trial.  *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1218 (6th Cir. 1987) (citations omitted).  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce*, 469 U.S. at 41 n. 4.  "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court."  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore alter its ruling during the course of the trial.  *Luce*, 469 U.S. at 41-42.

Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts should rarely grant motions in limine that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility when they arise." *Id*.

### Defendants' Motion

### Disability Restrictions

Defendants seek to preclude Plaintiff from offering at trial any evidence of a disability not disclosed in discovery. Defendants indicate that the only medical conditions disclosed thus far were in Plaintiff's interrogatory responses on June 28, 2020, where he identified "Unilateral Primary osteoarthritis of the left hip along with strain of muscle, fascia and tendon of the posterior muscle group at thigh level," anxiety, depression, and a Celiac Artery Dissection. (*See* ECF No. 66 at PageID. 1564 (citing ECF No. 66-3).) Defendants further indicate that Plaintiff's medical records do not show any new diagnoses after March 2019.

Because the identified conditions existed when Plaintiff was cleared to return to work *without restriction* on August 6, 2020, Defendants maintain that

3

they are irrelevant to any issue remaining in this case. The conditions are not relevant to Plaintiff's retaliation claim, directly. And Defendants argue that they do not show circumstances warranting Plaintiff's rejection of Defendants' unconditional offer of reinstatement because he was cleared to return to work despite them and Plaintiff testified he was willing to return to work for MDOC notwithstanding them.

In response, Plaintiff indicates that the records disclosed in discovery and deposition testimony reflect that his physical and mental conditions were exacerbated by his experience working for MDOC. Plaintiff further indicates that those records reflect the following conditions: pain, left hip replacement, headaches, blurred vision, muscle spasms, profuse sweating, shakes, ringing in the ears, anxiety, depression, and a Celiac Artery Tear of the stomach. (ECF No. 71 at PageID. 1642 (citing ECF No. 71-3).)

To the extent Plaintiff has not disclosed a physical or mental condition to Defendants, Defendants will be unduly prejudiced if surprised with new conditions at trial. Such evidence, therefore, is excludable pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 403.

Nevertheless, Plaintiff did disclose a list of diagnoses and ailments during discovery. Defendants obtained his medical records. Plaintiff and his treaters should be allowed to testify about Plaintiff's conditions to the extent they are

relevant to his rejection of the unconditional offer of reinstatement. They also should be allowed to testify that these conditions or their effects have worsened, if in fact they have, even if these changes are not reflected in Plaintiff's medical records. If Plaintiff's medical records or other evidence contradicts such a claim, that is more properly addressed through cross examination rather than excluding the evidence outright.

Defendants argue that because the same conditions existed in August 2020, when Plaintiff was authorized to return to work without accommodations, they do not support his rejection of the offer of reinstatement. But the Court does not find that this argument renders the evidence irrelevant. Instead, it is contrary evidence Defendants may use to challenge Plaintiff's testimony or that of his medical providers.

## Complaints and Allegations in Other Lawsuits

Defendants seek to preclude Plaintiff from introducing allegations of harassment following the reinstatement of other MDOC's employees asserted in other lawsuits. Plaintiff referred to two such cases in earlier briefing in this litigation. (*See* ECF No. 52 at PageID. 1151.) Defendants indicate that those lawsuits settled with no binding findings of fact and involved different actors and MDOC facilities. Defendants maintain that this evidence, therefore, is irrelevant,

5

unduly prejudicial, would confuse the jury, and constitutes improper propensity evidence.

Plaintiff argues in response that "the underlying facts of the lawsuits are relevant to the extent they show that other officers have faced retaliation upon their return to MDOC following participation in a lawsuit." (ECF No. 71 at PageID. 1645.) But "to the extent they show" is precisely why Defendants object to this evidence. The fact that retaliation is alleged in a lawsuit does not mean that the retaliation occurred. Plaintiff's analogy to products liability litigation is imprecise. In that scenario, a defendant's notice of the alleged defect—which could be shown through previous lawsuits against the defendant alleging the same defect—is relevant. Notice is not a factor here.

Lawsuits against MDOC, which settled before any final determination of retaliation was made, are not relevant.

## Plaintiff's Motion

Plaintiff seeks to preclude Defendants "from making arguments or presenting evidence regarding benefits or payments received from [Plaintiff's] workers' compensation or short/long term disability claims, or any ongoing or related deliberative processes or determinations made in the course of those claims." (ECF No. 68 at PageID. 1617.) Defendants respond that they have no intent of introducing such evidence *unless* Plaintiff introduces evidence of medical

6

expenses pre-dating the alleged retaliation. Defendants acknowledge that the evidence is otherwise irrelevant to the present lawsuit. Plaintiff did not file a reply brief in support of his motion in limine. Thus, it is unclear whether he plans to introduce such medical-expense evidence and, if so, for what purpose.

The Court finds it unnecessary (and impossible) to rule on Plaintiff's motion unless and until he seeks to present evidence that Defendants argue opens the door to that evidence he seeks to exclude.

## Conclusion

For the reasons discussed above, the Court is **GRANTING IN PART AND DENYING IN PART** Defendants' motion in limine (ECF No. 66). Plaintiff's motion in limine (ECF No. 68) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 1, 2024